Thomas A. Larkin, ASBA #0009055
tlarkin@lawssl.com
STEWART SOKOL & LARKIN LLC
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorney for Plaintiff Travelers Casualty &
Surety Company of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>                            Plaintiff,<br><br>    v.<br><br>SPRUCE CAPE HOMES II, LLC, an Alaska limited liability company,<br><br>                          Defendant. | Case No. |

## COMPLAINT

**(Declaratory Relief – 28 U.S.C. § 2201)**

Plaintiff TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Travelers"), by and through its undersigned attorney, asserts the following Complaint against Defendant SPRUCE CAPE HOMES II, LLC., and alleges as follows pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57:

### PARTIES

1. Plaintiff Travelers is a corporation organized under the laws of the

COMPLAINT FOR DECLARATORY RELIEF - 1

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 1 of 9

state of Connecticut and its principal place of business is in Hartford, Connecticut.

2. Defendant Spruce Cape Homes II, LLC ("Owner") is a domestic limited liability company organized under the laws of the state of Alaska.

3. Upon information and belief, Owner's members are citizens of the states of Alaska and California.

## JURISDICTION

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest, costs and attorney's fees and, at the time the suit commenced, there is complete diversity of citizenship between Plaintiff and Defendant.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because the bonds at issue were procured in the State of Alaska, and more specifically in the Federal District for the State of Alaska, the incidents comprising the basis of this suit, and the construction project from whence it arises, occurred in this District.

## FACTUAL BACKGROUND

6. Owner and S. R. Bales Construction, Inc. ("S. R. Bales") entered into a construction agreement dated June 13, 2019 (the "Contract) under which S. R. Bales was to perform certain work on a private construction project known as Spruce Cape Townhomes Phase 2 (the "Project"), which generally involved construction of twenty townhome style units located in Kodiak, Alaska.

7. In connection with the Project, S.R. Bales was obligated to secure payment and performance bonds, which bonds the Owner's Contract documents

COMPLAINT FOR DECLARATORY RELIEF - 2

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 2 of 9

prescribed should be substantially in the form of Form A-312 (2010) published by the American Institute of Architects ("AIA").

8. In connection with the Project, Travelers, as surety, issued a Performance Bond number 107100839 ("Performance Bond") and Payment Bond number 107100839 ("Payment Bond") (collectively the "Bonds") on behalf of S. R. Bales, as principal, for the benefit of Owner, as obligee, on the AIA forms contemplated by the Contract. The penal sum of the Bonds was in the amount of the original Contract sum.

9. After S.R. Bales substantially completed its work on the Project, Owner recorded a Notice of Completion in the public records representing that the completion date of S.R. Bales' work on the Project was December 17, 2020.

10. After the Project achieved substantial completion, the Owner issued to S.R. Bales a "punch list" of remaining work items.

11. S. R. Bales responded to the punch list noting some items were complete and that others including landscaping, playground equipment, and a solar thermal system would be completed in spring when weather permitted and upon the Owner providing the remaining design documents and decisions applicable to some of those punch list items.

12. In a June 4, 2021 letter, Owner acknowledged that after the most recent payment application draw, there was an unpaid contract balance of $50,579 remaining and Owner was holding the money pending completion of certain punch list items. Despite Owner's knowledge that the remaining punch list items were outside S. R. Bales' control and the quick 15-day deadline was impossible, Owner demanded completion of the punch list items by June 19,

COMPLAINT FOR DECLARATORY RELIEF - 3

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK    Document 1    Filed 02/11/22    Page 3 of 9

2021.

13.     On August 3, 2021, the Owner's attorney submitted a "notice of claim under performance bond" on behalf of the Owner to Travelers and S. R. Bales asserting that S. R. Bales was in default under the Contract.

14.     On August 13, 2021, Travelers asserted its right under the Performance Bond to a conference with the parties to discuss the issues.

15.     At the August 26, 2021 conference of the parties, S. R. Bales reiterated its consistent position and assurance that it would complete the remaining punch list work when the equipment could be delivered, when Owner issued the missing design for the landscaping, and when a genuinely disputed issue about the number of solar panels included in the Contract was resolved.

16.     Notwithstanding the discussion at the August 26, 2021 conference of the parties, and without further notice or opportunity to cure, Owner terminated S. R. Bales in an email dated August 29, 2021.

17.     In the August 29, 2021 email, Owner alleged it was owed $206,000 in liquidated damages, which it "expects the bonding company to cover . . . ."

18.     On September 14, 2021, after a thorough investigation, Travelers issued a letter to Owner, concluding that Travelers owed Owner no obligations under the Bonds because of the Owner's wrongful termination of S.R. Bales and Owner's failure of other express and implied conditions.

19.     Section 14.2 of the General Conditions to the Contract addresses termination of the Contractor by the Owner for Cause. Section 14.2.2 specifies the particular procedures required for termination and the conditions precedent an Owner must fulfill prior to termination, providing:

COMPLAINT FOR DECLARATORY RELIEF - 4

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR  97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 4 of 9

> When any of the reasons described in Section 14.2.1 exist, **_and upon certification by the Architect that sufficient cause exists to justify such action_**, the Owner may, without prejudice to any other rights or remedies of the Owner **_and after giving the Contractor and the Contractor's surety, if any, seven days' notice_**, terminate employment of the Contractor . . . . (emphasis added).

20. Owner wrongfully terminated S. R. Bales from the Project by failing to follow Section 14.2.2 of the General Conditions to the Contract, including as follows:

    a. Failing to obtain a written certification, prior to termination, from the Architect stating sufficient cause exists to justify the termination; and,

    b. Failing to give S. R. Bales and Travelers, as surety, seven days' notice of the termination and opportunity to cure.

21. Owner's termination was also wrongful because S. R. Bales did not materially or fundamentally breach the Contract.

22. Indeed, the vast majority of the Contract had been performed and accepted by the Owner, and all that remained was discrete "punch list" work.

23. Upon information and belief, shortly after the December 17, 2020 substantial completion date, Owner commenced its beneficial use of the Project and rented out completed townhome units.

24. Owner's wrongful termination of S.R. Bales and other breaches render the Owner in default of the Contract.

25. Travelers' obligations to Owner arising from the Project are governed exclusively by the terms of the Bonds.

COMPLAINT FOR DECLARATORY RELIEF - 5

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 5 of 9

26. The Performance Bond provides "if the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except when applicable to participate in a conference as provided in Section 3."

27. Section 3 of the Performance Bond provides:

> § 3 **_If there is no Owner Default_** under the Construction Contract, the Surety's obligation under this Bond shall arise after:
>
> .1 The Owner first provides notice to the Contractor and the Surety that the Owner is considering declaring a Contractor Default . . . If the Surety timely requests a conference, the Owner shall attend . . . If the Owner, the Contractor, and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contract Default.
>
> .2 the Owner declares a Contractor Default, terminates the Construction Contract and notifies the Surety; **_and_**
>
> .3 the Owner has agreed to pay the Balance of the Contract Price in accordance with the terms of the Construction Contract to the Surety . . . . (emphasis added).

28. In accordance with Section 3 of the Performance Bond, and because of Owner's default under the Contract, Travelers' obligations under the Performance Bond are extinguished.

29. Owner failed to satisfy the condition in Section 3.2 of the Performance Bond because Owner did not properly declare S. R. Bales in default and did not properly terminate the Contract by following the Contract's procedures for termination outlined in the General Conditions section 14.2.2.

30. Owner failed to satisfy the condition in Section 3.3 of the Performance Bond because it did not agree to pay the Balance of the Contract

COMPLAINT FOR DECLARATORY RELIEF - 6

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 6 of 9

price pursuant to the terms of the Contract to Travelers.

31. Travelers' obligations to Owner were discharged by Owner's failure to comply with the terms of the Performance Bond.

32. The Performance Bond provides "[a]ny proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located . . . ."

33. The Payment Bond provides "[n]o suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is subject of the Construction Contract is located . . . ."

34. Owner has notified Travelers via letter and email of its intention to seek to compel Travelers to resolve the disputes arising from the Bonds via private arbitration, relying on what Owner contends is an arbitration clause in the Contract.

35. Travelers is not a party to the Contract.

36. There is no agreement to arbitrate disputes regarding Travelers' rights, obligations, and defenses in connection with Owner's purported claims arising from the Bonds.

37. Travelers has not waived its rights to have any disputes under or arising from the Bonds to be resolved by a court of law, pursuant to the terms of the Bonds.

38. Travelers has not consented to resolving any disputes regarding the Bonds through arbitration.

39. Travelers has performed all obligations on its part to be performed

COMPLAINT FOR DECLARATORY RELIEF - 7

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 7 of 9

under the Bonds, or else such obligations have been waived or excused by failure of conditions and conditions precedent.

## First Claim for Relief
### (Declaratory Judgment and Relief Against Owner)

40. Travelers incorporates by reference and re-alleges as if set forth full herein all allegations in the above paragraphs.

41. An actual, continuing and justiciable controversy exists between Travelers and Owner regarding whether Travelers is required to arbitrate any disputes involving Owner's claims against the Bonds or Travelers' defenses thereto.

42. A justiciable controversy exists between Travelers and Owner regarding whether Travelers' obligations under the Bonds to Owner are discharged.

43. The Court can resolve the controversy through entry of a judgment declaring the respective rights and obligations of Travelers and Owner with respect to the arbitration clause under the Contract and litigation provisions under the Bonds. Travelers requests appropriate and immediate declaratory relief to establish its rights.

44. Pursuant to 28 U.S.C. § 2201, and for the reasons set forth above, Travelers is entitled to declarations as follows: (1) Travelers is not required to arbitrate any disputes or controversies regarding Travelers' rights, defenses, and obligations in connection with any claims by Owner under or arising from the Bonds; and (2) Travelers owes Owner no obligations under the Bonds, any such obligations have been discharged, and the Bonds are exonerated.

COMPLAINT FOR DECLARATORY RELIEF - 8

2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW

2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 8 of 9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Travelers prays for declaratory judgment and relief as follows:

A. A declaration pursuant to 28 U.S.C. § 2201 that Travelers is not required to arbitrate any disputes or controversies regarding Travelers' rights and obligations under the terms of the Bonds;

B. A declaration pursuant to 28 U.S.C. § 2201 that Travelers has no obligations to Owner under the Bonds, that any such obligations have been discharged and the Bonds exonerated;

C. A declaration that Travelers may not be properly joined to arbitration instituted by Owner nor may an arbitration proceed against Travelers;

D. Award of Travelers' reasonable attorney's fees and costs as provided by contract, statute and/or rule; and

E. Such other and further relief as this Court deems just and equitable under the circumstances.

DATED this 10th day of February, 2022.

THOMAS A. LARKIN
STEWART SOKOL & LARKIN LLC
Attorney for Plaintiff Travelers Casualty & Surety Company of America

By: /s/ *Thomas A. Larkin*
Thomas A. Larkin, ASBA #0009055
tlarkin@lawssl.com
*Attorney for Plaintiff Travelers Casualty & Surety Company of America*

COMPLAINT FOR DECLARATORY RELIEF - 9
2259.001-02034385; 1

STEWART SOKOL & LARKIN LLC
ATTORNEYS AT LAW
2300 SW First Avenue, Suite 200
Portland, OR 97201-5047
(503) 221-0699
FAX (503) 223-5706

Case 3:22-cv-00026-JMK   Document 1   Filed 02/11/22   Page 9 of 9